UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20377-CIV-COOKE/BANDSTRA

YAMILE BECIL,

    Plaintiff
vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS CAUSE is before me on Defendant Bank of America, N.A.'s Motion for Partial Summary Judgment as to Conversion (Count III) and Civil Theft (Count IV). [ECF No. 49]. For the reasons set forth below, the Motion is denied.

## I.   BACKGROUND

Plaintiff Yamile Becil was a customer of Defendant Bank of America ("BOA") for nearly twenty years.[1] [ECF No. 49 ¶ 1]. Plaintiff conducted her banking business with Ricardo Figueredo ("Figueredo"), who was employed as a Sales and Service Associate and Personal Banker before he became an Assistant Branch Manager at BOA's Lincoln Road Branch in Miami Beach, Florida in 2005. [ECF No. 49 ¶ 4]. In 1998, Plaintiff deposited money, through Figueredo, into five different Certificates of Deposit ("CDs") at BOA in the approximate amount of $100,000.00 each. [ECF No. 73-1 ¶ 13]. Although BOA does not have any record of the five CDs being opened, Figueredo gave Plaintiff CD receipts that evidenced all five of the CD

---

[1] Bank of America previously operated as Barnett Bank, N.A. and NationsBank, N.A.

deposits with BOA.[2] [ECF No. 49 ¶ 1; ECF No. 73-1 ¶ 14]. Figueredo, while employed by BOA, converted the funds in the CDs to his own use. [ECF No. 49 ¶ 4].

On April 22, 2008, BOA learned of Figueredo's illegal misconduct through another BOA customer. [ECF No. 49 ¶ 5]. BOA terminated Figueredo from employment on May 2, 2008. [ECF No. 49 ¶ 6]. Two weeks later, BOA notified governmental agencies of Figueredo's alleged misconduct.[3] [*Id.*] BOA has not reimbursed Plaintiff despite repeated demands for the return of the converted funds. [ECF No. 38]. On July 6, 2010, Plaintiff filed a First Amended Complaint against BOA alleging causes of action in breach of contract (Count I), negligence (Count II), conversion (Count III), civil theft (Count IV) and money received (Count V). [ECF No. 38].

## II.     LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be deiced at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has met its burden the burden shifts "to the non-moving arty to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* The court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).

---

[2] BOA's general document retention policy is to retain documents for seven years. BOA has found and produced documents dating back to 1999 during the course of this litigation.

[3] Figueredo pled guilty to embezzling money from numerous customers of BOA over the course of 15 years and is currently serving a 108 month sentence in federal prison.

Furthermore, the court may not weight conflicting evidence to resolve disputed factual issues; if a genuine issue of material fact is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. Southern Bell Tell. & tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### III.    ANALYSIS

BOA argues that summary judgment on Count III and Count IV of Plaintiff's First Amended Complaint is proper because Plaintiff cannot establish the requisite elements of the causes of action, the adverse agent exception exempts BOA from liability of Figueredo's fraudulent acts, and the claims are barred by the economic loss doctrine and the statute of limitations. I will address each count in turn.

### A. Conversion (Count III)

"Conversion is the exercise of wrongful dominion or control over property to the detriment of the rights of the actual owner." *Bel-Bel Intern. Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1108 (11th Cir. 1998). In order to establish a claim for conversion, there must exist a specific fund capable of identification. *Id.* "The essence of the tort is not the acquisition of the property; rather it is the wrongful deprivation." *National Union Fire Ins. Co. of Pennsylvania v. Carib Aviation, Inc.*, 759 F.2d 873, 878 (11th Cir. 1985).

BOA argues that it is entitled to summary judgment because there are no records evidencing that the funds were on deposit at BOA. In support of this argument, BOA claims that the records of deposit produced by Plaintiff were fraudulent. Plaintiff, however, contends that Figueredo, acting on behalf of BOA, provided the records of deposit. In order to reach the conclusion BOA desires, I would have to find that the five CD receipts Plaintiff produced are

indeed false. It is improper, however, to weigh conflicting evidence to resolve disputed factual issues on a motion for summary judgment. *See Skop*, 485 F.3d at 1140.

BOA also argues that Plaintiff's claim for conversion is barred by the economic loss doctrine. It is well established that the economic loss doctrine does not bar torts committed independently of the contract breach. *All Care Nursing Service, Inc. v. High Tech Staffing Services, Inc.*, 135 F.3d 740, 745 (11th Cir. 1998); *see also Indem. Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 537 (Fla. 2004). Plaintiff alleges that BOA breached the written contract between the parties by failing to safeguard her funds, prevent the theft of her funds and failing to provide for the return of her funds. In contrast, Plaintiff's claim for conversion alleges that BOA and/or its agents misappropriated Plaintiff's funds for their own use. Moreover, despite Plaintiff's repeated demands, BOA has refused to return the funds. BOA's alleged obligation to return the funds can be enforced through a claim for conversion because the allegations are independent from, and go beyond, a failure to comply with the terms of the contract. *See Gasparini v. Prodomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008).

Alternatively, BOA argues that it has title to the funds in the CDs, which in turn precludes a finding of liability for conversion. Depending on the mutual understanding between the bank and the depositor, a certificate of deposit can be either a general or special deposit. *Grillo v. City Nat. Bank of Maimi*, 354 So. 2d 959, 960 (Fla. 3d DCA 1978); *see also Merrill Lynch Mortg. Capital, Inc. v. F.D.I.C.*, 293 F. Supp. 2d 98, 109 (D. D.C. 2003). A general deposit creates a "debtor-creditor relationship between the bank and the depositor" whereby the bank assumes title of the deposit. *Carl v. Republic Security Bank*, 282 F. Supp. 2d 1358, 1366 (S.D. Fla. 2003). The relationship created by a special deposit "is that of principal and agent, with title to the deposit remaining in the depositor." *Id.* (citing *Tunnicliffe v. Sears,* 107 Fla. 669,

148 So. 197 (1932)).  The record does not clearly indicate whether the CDs were "general" or "special."  The apparent need to resolve this issue of material fact precludes summary judgment.

**B. *Civil Theft (Count IV)***

To prevail in a claim for civil theft, a plaintiff must show that the defendant knowingly obtained or used, or endeavored to obtain or to use, the plaintiff's property with the "felonious intent" to, either temporarily or permanently, deprive the plaintiff of a right to the property or a benefit from the property, or appropriate the property to the defendant's own use or to the use of any person not entitled to the use of the property.  *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009).

BOA argues that summary judgment is proper because Figueredo committed the civil theft, not BOA.  This argument, however, is contrary to the established law of the Eleventh Circuit.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through its agents…").[4] BOA further argues it is absolved from liability because Figueredo, acting as an adverse agent, did not act within the scope of his employment.  Generally, an employer cannot be liable for the tortuous or criminal acts of an employee, unless the acts were committed during the course of the employment, and to further a purpose or interest, however excessive or misguided, of the employer.  *See United Tech. Corp.*, 556 F.3d at 1271. The apparent authority doctrine creates an exception to this general rule, where the employee is purported to act or speak on behalf of the employer and there was reliance upon apparent authority or the existence of an agency relationship between the employer and employee.  *See Seaboard Properties, Inc. v. Bunchman*,

---

[4] BOA even cites to *United Tech. Corp. v. Mazer* in its Motion for Partial Summary Judgment, which states that "[i]t is axiomatic that a corporation like [the defendant] cannot act other than through its officers, employers, and agents." 556 F.3d 1260, 1271 (11th Cir. 2009) (citation omitted).

278 F.2d 679, 682 (5th Cir. 1960).[5]  The existence of an agency relationship or an agent's apparent authority is a question of fact to be resolved by a jury.  *Id.*

Notwithstanding these issues of material fact, BOA argues that Plaintiff's civil theft claim is barred by the statute of limitations because Plaintiff "would have been on notice of the alleged theft of her funds at the latest in 1999, as she was receiving Statements of Accounts at the time the funds from the CDs were allegedly stolen."  A civil theft claim must be commenced within 5 years after the conduct terminates or the cause of action accrues.  Fla. Stat. § 772.17.  A civil theft cause of action accrues when the plaintiff should reasonably have known of the possible invasion of legal rights.  *See Korman v. Iglesias*, 825 F. Supp. 1010, 1014 (S.D. Fla. 1993).  Plaintiff alleges that she did not learn of the invasion of her legal rights until 2008 because the Statements of Accounts were mailed directly to Figueredo and held by BOA.  Viewing the evidence in the light most favorable to Plaintiff, the non-moving party, I cannot conclude that Plaintiff's claim is barred by the statute of limitations.

Lastly, BOA challenges Plaintiff's entitlement to treble damages.  The Florida Civil Theft statute allows for trebling of damages where conversion has been proven.  In Florida, "damages for civil theft can only be trebled where there is no contractual relationship between the parties."  *Rosenthal Toyota, Inc. v. Thorpe*, 824 F.2d 897, 902 (11th Cir. 1987).  However, where the contractual relationship between the parties is irrelevant to the facts surrounding the alleged conversion or where the contract is merely incidental to the conversion, the potential liability for treble damages remains.  *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1573-74 (S.D. Fla. 1993).  The alleged acts of civil theft are separate and distinct from the breach of

---

[5] Fifth Circuit decisions rendered prior to September 30, 1981 are binding precedent on this court.  *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

contract claim. Accordingly, I do not find that Plaintiff is prohibited from recovering treble damages under Count IV.[6]

### IV.   CONCLUSION

For the reasons stated above, BOA's motion for partial summary judgment as to Count III and Count IV of Plaintiff's First Amended Complaint is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of October 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

---

[6] Although not addressed in Plaintiff's response in opposition to BOA's motion for summary judgment, the statute under which Plaintiff has asserted her claim for civil theft, Fla. Stat. § 772.11, does not permit an award of punitive damages.  *See* Fla. Stat. § 772.11(1) ("Punitive damages may not be awarded under this section").