UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20377-CIV-COOKE/BANDSTRA

YAMILE BECIL,

    Plaintiff
vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER ON MOTIONS *IN LIMINE*

THIS MATTER is before me on the Parties' Joint Summary of Motions *in Limine* [ECF No. 79]. Having reviewed the motions, the record, and the relevant legal authority, Defendant Bank of America's ("BOA") motions *in limine*[1] are denied for the reasons explained below.

### *I. BACKGROUND*

BOA employed Ricardo Figueredo ("Figueredo") as a Sales and Service Associate, Personal Banker and an Assistant Branch Manager at BOA's Lincoln Road Branch in Miami Beach, Florida. In 1998, Plaintiff Yamile Becil ("Becil") deposited $500,000.00, through Figueredo, into five different Certificates of Deposit ("CDs") at BOA, which Figueredo converted for his own use while employed by BOA. Despite having received bank statements from Figueredo, Becil claims that she was learned of Figueredo's criminal acts in 2008. Becil's causes of action against BOA for breach of contract, negligence, conversion, civil theft and money received all stem from and relate to BOA's alleged failure to safeguard her funds from the theft and misappropriation by Figueredo. BOA's motions *in limine* seek to exclude evidence

---

[1] The Joint Summary of Motions *in limine* does not contain any motions filed on behalf of Plaintiff Yamile Becil.

related to Figueredo's employment relationship with BOA and Figueredo's criminal acts, and to obtain a negative inference jury instruction for Becil's alleged spoliation of evidence related to the bank statements she received from Figueredo.

## II. DISCUSSION

### A. Motion *in Limine* to Exclude Evidence as to the Apparent Authority Doctrine

BOA claims that the apparent authority doctrine is expressly limited to cases where the employee was acting within the scope of his employment and for the employer's benefit. BOA, however, does not assert a single evidentiary argument as to why evidence related to the apparent authority doctrine should be excluded. As I addressed in my Order on BOA's Motion for Partial Summary Judgment [ECF No. 82], where there is reliance upon the apparent authority of an employee or the existence of an agency relationship, facts regarding whether the employee acted or spoke on behalf of the employer are material facts that should be heard by the jury. *Seaboard Properties, Inc. v. Bunchman*, 278 F.2d 679, 682 (5th Cir. 1960). The motion *in limine* is denied.

### B. Motion *in Limine* to Exclude Evidence From Other Cases At Trial

Rule 404(b) of the Federal Rules of Evidence excludes evidence of "other crimes, wrongs or acts" that seeks to "prove the character of a person in order to show action in conformity therewith." Evidence of other crimes or acts may, however, be admitted to prove motive, intent, plan, preparation and knowledge. Fed. R. Evid. 404(b). BOA argues that evidence related to Figueredo's criminal acts, albeit relevant, should be excluded because the prejudicial effect of the evidence outweighs the probative value. I disagree. Relevant evidence may be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Exclusion under Rule 403 is applied

sparingly, and the balance under Rule 403 weighs in favor of admissibility. *See United States v. Cole*, 755 F.2d 748, 766 (11th Cir. 1985). This litigation is born from Figueredo's plan, knowledge and opportunity to steal Becil's money. This evidence is relevant to the claims asserted against BOA and is not likely to unfairly prejudice BOA, confuse the issues, or mislead the jury.

Alternatively, BOA argues that Figueredo's admissions of the crimes he committed while employed by BOA are inadmissible hearsay because at the time the admissions were made, Figueredo was no longer employed by BOA. Figueredo pled guilty to embezzling money from numerous BOA customers over the course of 15 years and is currently serving a 108-month sentence in federal prison. BOA's motion *in limine* is denied because Figueredo's admissions exposed him to civil and criminal liability and are therefore admissible as a statement against penal interest. Fed. R. Evid. 804(b)(3).

C. **Motion *in Limine* to Allow Evidence At Trial Regarding Plaintiff's Spoliation of Evidence and for a Negative/Adverse Inference Jury Instruction**

BOA asks this Court to provide an adverse inference jury instruction based on Becil's alleged spoliation of evidence, i.e. the disposal of bank statements received from Figueredo. To establish spoliation of evidence, a party must prove: (1) the existence of a potential civil action; (2) a legal or contractual duty to preserve evidence which is related to that potential civil action; (3) destruction of that evidence; (4) significant impairment of a party's ability to prove or disprove elements of the lawsuit; (5) causal relationship between the destruction of the evidence and the ability to prove or disprove elements of the lawsuit; and (6) damages. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003). "[A]n adverse inference is drawn from a party's failure to preserve evidence only when the absence of

that evidence is predicated on bad faith." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (citing *Bashir v. Amtrack*, 119 F.3d 929, 931 (11th Cir. 1997).

BOA fails establish the requisite elements that would warrant an adverse jury instruction. Specifically, BOA fails to prove that the bank statements were discarded *after* the accrual of Becil's cause of action BOA or that Becil had a legal or contractual duty to preserve the bank statements over the course of 10 years. Furthermore, BOA has not alleged that the absence of the bank statements has impaired its ability to disprove the elements of Becil's claims. Accordingly, BOA's request for an adverse inference jury instruction is denied.

### III. CONCLUSION

The Parties Joint Summary of Motions *in Liminie* [ECF No. 79] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of October 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnied to:
*Counsel of record*